# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 22-CR-20104-BECERRA

**UNITED STATES OF AMERICA**

**v.**

**ARCANGEL PRETEL ORTIZ, et al.,**

     **Defendants.**

_____/

## UNITED STATES' PRELIMINARY EXPERT DISCLOSURES AND DEMAND FOR DEFENDANTS' REPORTS OF EXAMINATIONS, TESTS, AND EXPERT DISCLOSURES

On April 21, 2025, Defendant Walter Veintemilla filed a request for disclosure of reports of examinations and tests and expert witness summaries, pursuant to Fed. R. Crim. P. 16(a)(1)(F) and (G). (DE 1019). The United States hereby provides its preliminary expert disclosures, as required by Fed. R. Crim. P. 16(a)(1)(G) and Southern District of Florida Local Rule 88.10(o)(3).

The United States also hereby demands—from all Defendants—all reports of examinations and tests, pursuant to Fed. R. Crim. P. 16(b)(1)(B), and all expert disclosures, pursuant to Fed. R. Crim. P. 16(b)(1)(C).

The preliminary expert disclosures contained herein, where applicable, include a statement of opinions rendered by the witness that the government intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703, or 705, or during its rebuttal to counter testimony that the defense has timely disclosed under (b)(1)(C). The disclosures additionally include the bases and reasons for the opinions of the witness—and where applicable—the qualifications of the witness, publications authored by the witness in the

previous 10 years, and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert.  Where a "particular expert witness" has not yet been selected, the Government provides "the anticipated opinions [and] the bases and reasons for those opinions" and "the type of expert witness who will be providing the anticipated testimony."  *See* S.D. Fla. L.R. 88.10(o)(3)(A).

As this is a preliminary disclosure, consistent with S.D. Fla. L.R. 88.10(o)(3)(A), the Government reserves the right to supplement this notice with additional experts and/or additional expert testimony, provide expert reports prepared, and/or provide any supplemental information related to the below-noticed experts.

## I.    Theodore Chavez – Physical Scientist/Forensic Examiner

Theodore Chavez is an expert in the field of firearm and toolmark identification, gunshot residue distance determination, and shooting reconstruction.  He currently works in the FBI Laboratory Firearms and Toolmark Unit (FTU) in Quantico, Virginia.  He will describe the accreditation of FBI Laboratory facilities, including their discipline, Firearms and Toolmarks. FBI Laboratory facilities are accredited by the ANSI National Accreditation Board (ANAB) as described on the FBI Laboratory ANAB Scope of Accreditation.  The accreditation includes adherence to the ISO/IEC 17025:2017 (ISO 17025) and ANAB AR 3125 standards.

In order to obtain his position as a forensic examiner, Theodore Chavez was required to successfully complete an extensive training program to demonstrate competency, which included written tests, practical exercises, casework-like examinations, oral boards, moot court exercises, competency tests, and supervised casework.  Theodore Chavez successfully completed oral boards and competency tests on toolmark identification, firearms identification, gunshot residue distance determination, and shooting reconstruction. Since being qualified as a forensic examiner, Theodore Chavez has been required to participate in at least one proficiency test per

year.  Theodore Chavez has performed firearm and toolmark examinations on hundreds of criminal cases.

### A.    Qualifications, Publications and Testimonies

All qualifications, publications authored in the previous 10 years, as well as a list of all other cases during the previous 4 years in which Theodore Chavez has testified as an expert, are contained within his Curriculum Vitae, which has been provided to the defense under separate cover.

### B.    The Witness's Opinions

Theodore Chavez's official report was previously produced in discovery (EXPERT000303) and contains a complete statement of all opinions that the Government will elicit from Theodore Chavez in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under Rule 16(b)(1)(C), and the bases and reasons for them, Fed. R. Crim. P. 16(a)(1)(G)(iii).

Firearms Function

 At trial, Theodore Chavez will provide general background information regarding firearms function testing. Function testing determines the operating condition of a firearm, which includes testing all modes of fire and safeties and determining if the firearm has been modified in any way. Theodore Chavez will describe the process used to determine the firearm's function.  Firearms are inspected for operability and safety to fire and are then test fired at the FBI Laboratory. Any modifications that are visually observed are examined to determine how the modification influences the operation of the firearm (i.e., fully automatic conversions, measuring barrel/overall length reduction, etc.).

Theodore Chavez will testify that, with respect to firearms function, the make, model, and caliber of a firearm are normally determined by directly observing manufacturer markings

on the firearm in question. When those are not present, published materials in the FBI Laboratory's Reference Firearms Collection may be used to assist in determining the make and model of the firearm.  Theodore Chavez will explain that a technical review and administrative review was conducted on his FBI Laboratory file records.  Theodore Chavez will also testify that, unless otherwise noted in his report, firearms are test fired:(1) in the condition they are received in the Firearms/Toolmarks Unit; (2) with ammunition from the Laboratory's Reference Ammunition File; (3) in a manner that allows for testing of available modes of fire such as manual safety engaged, manual safety disengaged, single action, double action, semi-automatic, fully automatic, etc.  Operability and any modifications are reported in the condition the firearm was received in the Laboratory.

<u>Pattern Examination (firearm)</u>

At trial, Theodore Chavez will testify about the process of firearm identification, which is used to potentially determine if a bullet, cartridge case, or other ammunition component was or was not fired by a particular firearm.  Theodore Chavez will explain the process of examining firearm evidence.  Test fires are generated from a known firearm, if submitted, using similar ammunition to the questioned items.  Microscopic comparisons are made between questioned items (bullet and cartridge cases) and known items (test fires) to determine if they were or were not fired by the submitted firearm or the same (non-submitted) firearm.

Theodore Chavez will testify that the surfaces of a firearm, such as the breech face, firing pin or a barrel, will, because of manufacturing, augmented by subsequent wear and tear, have tiny imperfections and irregularities at the microscopic level even when manufactured to rigorous specifications. When a firearm is fired, these microscopic dents, burrs, and other minute blemishes are transferred to different parts of the fired ammunition.   Observations of these phenomena form the basis of the firearm and toolmark examiner's conclusions documented in the laboratory report.

Theodore Chavez will testify that he initially determined that the evidentiary sample(s) in this case were suitable for comparison and examined the samples pursuant to the Quality Assurance Manual and applicable Technical Procedures in place at the time at the FBI Laboratory.[1] Firearm identification is conducted by observing and cataloging class characteristics and the microscopic comparison of individual characteristics. Class characteristics of a firearm can include caliber and rifling pattern of a firearm barrel, shape of the firing pin and firing pin aperture, and orientation of extractor and ejector marks.  Class characteristics of a fired bullet can include the caliber, weight, number of lands and grooves, widths of lands and grooves, and twist of lands and grooves. Class characteristics of a fired cartridge case include the caliber, shape of the firing pin and firing pin aperture, and location of the extractor and ejector marks.  If class characteristics are the same, the examiner will move on to a second level of comparison, the individual characteristics.

Individual characteristics are imperfections and irregularities on the parts of a firearm from manufacture and use/abuse/wear and tear.  Examiners use light comparison microscopy (LCM) or virtual comparison microscopy (VCM) to visually compare the questioned cartridge case or bullet to test-fired cartridge cases and bullets from a known firearm and make a final determination on whether an identification can be made. Theodore Chavez will explain the verification procedures that were employed in this case, where another qualified firearm and toolmark examiner from the FBI Laboratory verified his comparisons and conclusions. Upon completion of the verification, a technical review and administrative review was conducted on Theodore Chavez's FBI Laboratory file records.

Theodore Chavez will describe how such comparisons were performed in this case and the limitations of the examinations.  He will testify as to what possible conclusions may be

---

[1] The Quality Assurance Manual and relevant Technical Procedures used in this case have been produced in discovery.

reached in performing the firearm pattern examinations in accordance with the FBI Approved Standards for Scientific Testimony and Reports and the United States Department of Justice Uniform Language for Testimony and Reports.[2]

### C.    The Basis and Reasons for the Witness's Opinions

Physical Scientist/Forensic Examiner Theodore Chavez's opinions are based on the results of the examinations of the evidence, which are documented in his 1A case file materials which were provided in discovery and are hereby incorporated by reference, as well as his training, education, experience, and expertise as a Physical Scientist/Forensic Examiner. Theodore Chavez's expert opinions, set forth more fully in his report, and the basis for those opinions, are guided by the applicable FBI Laboratory Technical Procedures and Quality Assurance Manual, both of which have been provided in discovery and are hereby incorporated by reference.  Theodore Chavez may also rely on peer-reviewed literature to provide context to the results of the examinations.

Theodore Chavez has reviewed, approved, and signed this notice pursuant to Federal Rule of Criminal Procedure 16 (a)(1)(G)(v).

*Theodore J. Chavez*
Theodore Chavez
Physical Scientist/Forensic Examiner
Federal Bureau of Investigation
Quantico, Virginia

---

[2] FBI Approved Standards for Scientific Testimony and Reports have been provided in discovery.  *See* Department of Justice Uniform Language for Testimony and Reports.  https://www.justice.gov/olp/uniform-language-testimony-and-reports

## II.   **Dr. Jean RC Armel Demorcy – Medical Examiner**

Dr. Jean RC Armel Demorcy is an expert in the field of forensic medical examination and autopsy.  He is a licensed medical doctor and medical examiner for the Haitian Ministry of Justice.

### A.   **Qualifications, Publications and Testimonies**

All qualifications, publications authored in the previous 10 years, as well as a list of all other cases during the previous 4 years in which Dr. Demorcy has testified as an expert will be provided in his Curriculum Vitae, which is forthcoming.

### B.   **The Witness's Opinions**

Dr. Demorcy's official autopsy report, written in French and signed by Dr. Demorcy, was previously produced in discovery, as was an English translation.  *See* USA_000039502 and 39514.  And a report of Dr. Demorcy's April 2023 interview with the investigative team was previously produced in discovery.  *See* USA_000085590.  Combined, Dr. Demorcy's official autopsy report and his interview with the investigative team contain a complete statement of all opinions that the Government intends to elicit from Dr. Demorcy in its case-in-chief, or during its rebuttal to counter testimony that the defendants have timely disclosed under Rule 16(b)(1)(C), and the bases and reasons for them, Fed. R. Crim. P. 16(a)(1)(G)(iii).

Dr. Demorcy will testify that he performed an autopsy of Jovenel Moise on July 10, 2021, at the request of the Haitian Ministry of Justice.  Dr. Demorcy will describe the autopsy process generally, the forensic medical examination that he performs during each autopsy, and the circumstances of President Moise's autopsy.  Dr. Demorcy will testify as to the results of the autopsy of President Moise, including that President Moise suffered 12 gunshot wounds and showed signs of asphyxia.  Dr. Demorcy will testify that President Moise died as a result of the

gunshot wounds.  Finally, Dr. Demorcy will testify that he removed two bullet fragments from President Moise's body, which he delivered to the Haitian police.

### C.      The Basis and Reasons for the Witness's Opinions

Dr. Demorcy's opinions are based on the results of the autopsy, which are documented in his official autopsy report and his April 2023 interview with the investigative team, which are hereby incorporated by reference, as well as his training, education, experience, and expertise as a medical doctor and medical examiner.

[No further information on this page.]

III.     **<u>Haitian Criminal Law Expert</u>**

The Government anticipates identifying and eliciting testimony from an expert in Haitian criminal law.

The Government anticipates that the Haitian criminal law expert will testify generally about criminal arrest warrants in Haiti, including how they are issued, why they are issued, who can issue them, and who can execute them.  The Government anticipates that the Haitian criminal law expert will testify about the circumstances of the issuance of the arrest warrant for President Jovenel Moise and opine as to the validity of the arrest warrant.  The Government anticipates that the Haitian criminal law expert, interpreting Haitian law, will testify about who can (and cannot) execute Haitian arrest warrants.  Finally, the Government anticipates that the Haitian criminal law expert will testify, based on his/her training, experience, and knowledge of Haitian law and independent review of the arrest warrant for President Moise, that none of the Colombian mercenaries nor defendant James Solages nor defendant Joseph Vincent were authorized to execute the arrest warrant for President Moise.

[No further information on this page.]

IV.     **Dimitri Smith – Senior Engineer, Munitions Control Division, Bureau of Industry and Security, U.S. Department of Commerce**

Mr. Dimitri Smith is currently a Senior Engineer with the Munitions Control Division at the U.S. Department of Commerce's Bureau of Industry and Security ("BIS").  The Department of Commerce and its subagency, BIS, advance U.S. national security, foreign policy, and economic objectives by ensuring an effective export control and treaty compliance system, and by promoting continued U.S. strategic technology leadership.  BIS has authority under certain statutes, executive orders, and implementing regulations, including the Export Control Reform Act ("ECRA"), 50 U.S.C. § 4819 *et seq.*, and the Export Administration Regulations ("EAR")., 15 C.F.R. Parts 730-774.  Commodities regulated by these statutes and regulations are listed or described on the Commerce Control List ("CCL"), 15 C.F.R. Part 774. The Munitions Control Division ("MCD"), within the Office of National Security Controls, is responsible for managing export controls, licenses, and compliance related to less sensitive munitions items, specifically those subject to the EAR.  These items are categorized as 600 series items.  The MCD handles policy actions, export licenses, commodity classifications, license determinations, and compliance activities.  The MCD administers the licensing of exports of commodities, including bulletproof vests and body armor.

Mr. Smith has nearly 10 years of experience working on export control issues and licensing determinations.  Mr. Smith has provided technical expertise in supporting license determinations and advisory opinions about classification of items regulated by the Department of Commerce for years, and has participated in approximately 100 license determinations for commodities, including satellites, sensors, lasers, spacecraft, navigation, avionics, marine, electronic, navigation, and military equipment.  His testimony will be based on his lengthy experience in export compliance specializing in the Department of Commerce's export

regulations and his current role as Senior Engineer at BIS.  Further details of Mr. Smith's qualifications are contained in his Curriculum Vitae, which was provided to the defense under separate cover.  Mr. Smith has not authored any publications within the last 10 years or testified as an expert at trial during the previous 4 years.

The Government intends to elicit the following testimony from Mr. Smith based on his experience as described in his Curriculum Vitae:

A. **The purpose, function, and structure of the CCL:** The Government anticipates that Mr. Smith will testify as to why certain articles and services are controlled for export under the ECRA and placed on the CCL and how the EAR implements the ECRA.  Mr. Smith will testify that the ECRA became law in 2018 to enhance U.S. export and investment controls and to address concerns regarding the release of critical technologies for certain end uses, and/or to certain end users and destinations of concern. The ECRA and its implementing regulations, the EAR, primarily control the export, reexport, and transfer of commercial, dual-use and less sensitive military items.  A "dual-use" item is one that has civil applications as well as military- or terrorism-related applications.  The EAR supports U.S. national security and foreign policy by restricting the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States.  In particular, the EAR impose licensing and other requirements for those items subject to the EAR in order to be exported lawfully from the United States or re-exported/transshipped lawfully from one foreign destination to another.  The most sensitive items subject to EAR controls are identified on the CCL.  The CCL is divided into ten broad categories, and each category is further subdivided into five product

groups.  For example, Category 0 relates to "Nuclear Materials, Facilities, and Equipment [and Miscellaneous Items];" and Category 1 covers "Special Materials and Related Equipment, Chemicals, 'Microorganisms,' and 'Toxins'."  Items on the CCL are categorized by Export Control Classification Number ("ECCN"), each of which has export control requirements depending on destination, end use, and end user.  For example, 15 C.F.R. Part 742 describes various reasons for control of items covered by an ECCN, to include national security, missile technology, regional stability, crime control and detection, anti-terrorism, nuclear nonproliferation, and encryption items.  Since at least July 1, 2014, ballistic vests, categorized as "soft body armor" or "hard body armor" are controlled under ECCN 1A613.d.1 and 1A613.d.2, respectively.

B. **The export controls at issue in this case:** The Government anticipates that Mr. Smith will testify that during the relevant time period, based on his review of the facts of this case and the items exported or attempted for export by the Defendants, the following items were subject to the jurisdiction of the Department of Commerce in accordance with the CCL: the ballistic vests referenced in Counts 6-9 of the Fifth Superseding Indictment. Specifically, Mr. Smith will testify that during the relevant time period, a license from BIS was required to export said ballistic vests, for National Security and Regional Stability reasons to Haiti.  In addition, Haiti was a D:5 listed country, meaning that a U.N. arms embargo prohibited export of such items during the relevant time period.

C. **The BIS licensing process**: Mr. Smith will testify that country-specific policies for license determinations are set out by regulation or statute, as reflected in Supplement No. 1 to Part 740 of the EAR.  Typically, individuals and businesses must submit license applications to the BIS via an online platform called SNAP-R, which helps streamline the

application process and facilitates communication between BIS and license applicants. He will further testify that some exports as described by Part 740 of the EAR do not require a license to export under a license exception provision. A "license exception" is an authorization that allows for export or reexport under stated conditions for items that would otherwise require a license. Mr. Smith will testify that Haiti is listed as an arms embargoed nation under D:5 of Supplement No. 1 to Part 740 (Country Groups), meaning that there are no license exceptions for export of items controlled under ECCNs 1A613.d.1 and 1A613.d.2 to Haiti, except that one set of body armor may be temporarily exported or reexported for personal use by a U.S. person who is affiliated with the U.S. Government traveling on official business or is traveling in support of a U.S. Government contract. *See* 15 C.F.R. § 740.9(11)(ii)(B).

D. **Defendants' license and registration history**: The Government also anticipates that Mr. Smith will testify as a fact witness, based on his personal knowledge and search of BIS systems, about Defendants Antonio Intriago and Christian Sanon's licensing and registration history (or lack thereof) with the Department of Commerce. Based on that personal knowledge from a review of internal Department of Commerce systems, Mr. Smith will testify that neither Defendant applied for nor received a license to export any items from the United States to Haiti. Mr. Smith with further testify that Defendant Antonio Intriago had previously applied for an export license from BIS in the past.

[No further information on this page.]

**V.**     **Bryan Jordan – FBI Senior Digital Forensic Examiner**

    **A.**     **Qualifications, Publications and Testimonies**

Bryan Jordan is a Senior Digital Forensic Examiner with the Federal Bureau of Investigation ("FBI") and has been employed with the FBI since 2017.  Mr. Jordan is a member of an FBI Digital Forensic Analysis Unit and Computer Analysis Response Team (CART). Among other duties, he conducts forensic recovery of evidence from digital and electronic media.  Mr. Jordan holds professional certifications as an FBI CART Certified Senior Digital Forensic Examiner, FBI CART Certified Digital Forensic Examiner, FBI CART Forensic Examiner, and SANS GIAC Certified Forensic Examiner (GCFE), including in FBI CART MacOS Authorization, FBI CART Windows Authorization, FBI CART Linux Command Line (LCL) Authorization, and CompTIA A+.  Mr. Jordan is also trained in using Cellebrite, FTK Imager, X-Ways, TX1, TD3, AD Lab, and Axiom, among other digital forensic software and tools, and routinely used these programs to extract and analyze data.  His duties include conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Jordan has previously testified as an expert in digital forensics in federal court, including in the last four (4) years.  Mr. Jordan's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of his prior testimony, education, and training.  Mr. Jordan has not authored any publications in the last 10 years.  In the past 4 years, Mr. Jordan has testified in the following trials:

- *United States v. Abarca et al.*, 22-20505-CR-GAYLES (SDFL - Nov. 2024)

- *United States v. Diaz*, 22-20354-CR-WILLIAMS (SDFL - Aug. 2023)

- *United States v. Gross*, 21-20532-CR-HUCK (SDFL – Feb. 2022)

- *State of Florida v. B.B*., 2021CJ001239AMB (15th Judicial Circuit, Juvenile Division, Palm Beach County, FL – Nov. 2021)

- *United States v. McCune at al*., 5:19-CR-206-KKC (EDKY – Aug. 2021)

**B.     The Witness's Opinions and Bases and Reasons for Opinions**

Mr. Jordan will testify about his training, qualifications, and experience consistent with his Curriculum Vitae.  Mr. Jordan will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Jordan will testify that he performed and/or coordinated forensic extraction and examination as to the following evidentiary items in this case: 1B83 - QMM10730BJ3 (CTU/Ortiz/Intriago/Solages device); 1B99 - QMM10730BJ1 (CTU/Ortiz/Intriago/Solages device); 1B128 - QMM10731BJ8 - Western Digital Elements SE external hard drive (Worldwide/Defendant Veintemilla device); 1B134 - QMM10731BJ3 - 3 flash drives (Worldwide/ Veintemilla device); 1B142 - QMM10730BJ4 - WB Elements External HD (Worldwide/Defendant Veintemilla device); 1B143 - QMM10731BJ11 - Asus desktop (Worldwide/Defendant Veintemilla device); 1B144 - QMM10731BJ4 - Dell Optiplex (Worldwide/Defendant Veintemilla device); 1B148 - QMM10731BJ5 - Dell Optiplex (Worldwide/Defendant Veintemilla device); 1B149 - QMM10731BJ6 - Del Optiplex (Worldwide/Defendant Veintemilla device); 1B155 - QMM10731BJR - flashdrive (Worldwide/Defendant Veintemilla device); 1B123 - QMM10731BJ7 - HP Prodesk (Worldwide/Defendant Veintemilla device); L20 - Samsung J7 SM-700M (Colombian National co-conspirator device – believed to be used by Vargas Gomes); L21 - Samsung Galaxy A30S (Colombian National co-conspirator device believed to be used by Miyer Pena); L22 - Samsung

Galaxy A11 (Colombian National co-conspirator device believed to be used by Suarez Alegria); and Apple A2341 MGLW3LL A iPhone 12 Pro (co-conspirator Ronal Ramirez device).

Mr. Jordan will testify to the contents of these data extractions and the data itself, including all of the forensic data extractions in this case described herein throughout this notice, all of which were previously provided to the defense in discovery during 2023-2024. Mr. Jordan's testimony and opinions will be based on his review of these extractions and all others described herein, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Bryan Jordan reviewed this disclosure and approves its contents.

*/s/ Bryan Jordan*
Bryan Jordan
Senior Digital Forensic Examiner, FBI

## VI.   Elizabeth Riddell – FBI Senior Digital Forensic Examiner

### A.   Qualifications, Publications and Testimonies

Elizabeth Riddell is a Senior Digital Forensic Examiner with the FBI in Miami, FL.  She has been employed with the FBI since 2017.  Ms. Riddell is the Miami Division CART Coordinator and member of the FBI Miami Rapid Deployment Team and CART Advisory Board in Miami, FL.  Among other duties, she conducts forensic recovery of evidence from digital and electronic media.  Ms. Riddell holds professional certifications as an FBI CART Certified Senior Digital Forensic Examiner, FBI Digital Forensic Examiner, including in FBI CART Basic Wintel, and FBI Digital Evidence Laboratory Technician (DEL-Tech), including in FBI CART MacOS Authorization, FBI Linux Command Line Authorization; and FBI CART Windows Authorization.  Ms. Riddell is also trained in using Cellebrite Premium, Cellebrite Physical Analyzer, Axiom, and GrayKey, among other digital forensic software, and routinely used these programs to extract and analyze data.  Her duties include conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Ms. Riddell has previously testified as an expert in digital forensics in federal court, including in the last four (4) years.  Ms. Riddell's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of her education and training.  Ms. Riddell has not authored any publications in the last 10 years.  In the past 4 years, Ms. Riddell has testified in the following trials:

- *United States v. Abarca et al.*, 22-20505-CR-GAYLES (SDFL - Nov. 2024)

- *United States v. Gonzalez*, 23-20490-CR-BLOOM (SDFL - Aug. 2024)

- *United States v. Perez et al.*, 23-20438-CR-SCOLA (SDFL - Apr. 2024)

- *United States v. St. Flerose*, 21-20149-CR-BLOOM (SDFL - Feb. 2024)

- *United States v. Farley et al.*, 22-20556-CR-ALTMAN (SDFL - Dec. 2023)

- *State of Florida v. Barnes*, F21016663 (11th Judicial Circuit, Miami-Dade County, FL – Sept. 2023)

- *United States v. Davis*, 20-20265-CR-BLOOM (SDFL – May 2022)

- *United States v. Daniels*, 19-20708-CR-GAYLES (SDFL - Oct. 2021)

**B.      The Witness's Opinions and Bases and Reasons for Opinions**

Ms. Riddell will testify about her training, qualifications, and experience consistent with her Curriculum Vitae.  Ms. Riddell will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Ms. Riddell will testify that she performed and/or assisted in performing, a forensic extraction and processing, as to the following evidentiary items in this case: 1B270 - QMM10723ER2 Ortiz Samsung SM-N950 (Defendant Ortiz device); 1B268 - QMM10727ER1 – Samsung Galaxy (Defendant Intriago device); 1B270 - Dell Office (Defendant Intriago device); 1B270 - QMM10723ER1 LG K550 (Defendant Intriago device); 1B270 – Surface (Defendant Intriago device); and 1B82 - QMM20118ER1 (co-defendant Jaar device).

Ms. Riddell will testify to the contents of these data extractions and the data itself, including all of the forensic data extractions in this case described herein throughout this notice, all of which were previously provided to the defense in discovery during 2023-2024.  Ms. Riddell's testimony and opinions will be based on her review of these extractions and all others described herein, as well as her training, education, and experience.

VII.   **Easton L. Schlueter – FBI Senior Digital Forensic Examiner**

A.      **Qualifications, Publications and Testimonies**

Easton L. Schlueter is a Senior Digital Forensic Examiner with the FBI.  He has been

employed with the FBI since 2020.  Mr. Schlueter is a member of an FBI CART.  He is currently

assigned to Des Moines, IA, and was previously assigned to Miami, FL.  Among other duties,

Mr. Schlueter conducts forensic recovery of evidence from digital and electronic media.  Mr.

Schlueter holds professional certifications as an FBI CART Certified Senior Digital Forensic

Examiner, FBI Digital Extraction Laboratory Technician (DEL-Tech), FBI CART Technician,

including in FBI CART Basic Wintel (FE Certification), FBI MAC Imaging Authorization, FBI

Digital Video Retrieval Certification, FBI Mobile Device Authorization, FBI CART Windows

Authorization, and CompTIA A+.  Mr. Schlueter is also trained in using Cellebrite UFED,

Cellebrite Physical Analyzer, FTK Imager, TX1, and AD Lab, among other digital forensic

software, and routinely used these programs to extract and analyze data.  His duties include

conducting computer/cellular telephone forensics and the forensic collection, preservation,

examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Schlueter has not previously testified as an expert in digital forensics.  Mr.

Schlueter's Curriculum Vitae has been provided to the defense, which includes a comprehensive

description of his education and training.  Mr. Schlueter has not authored any publications in the

last 10 years.

B.      **The Witness's Opinions and Bases and Reasons for Opinions**

Mr. Schlueter will testify about his training, qualifications, and experience consistent with

his Curriculum Vitae.  Mr. Schlueter will testify generally about how extractions of digital devices

are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Schlueter will testify that he performed and/or assisted in performing, a forensic extraction and processing, as to the following evidentiary items in this case: 1B157 - QMM10804ES15 - Macbook Pro C02WL068HV2D (Defendant Veintemilla device); 1B161 - QMM10829ES1 - HP Compaq 6000 (Defendant Veintemilla device); 1B173 - Apple iPad Air (Defendant Veintemilla device); 1B174 - Motorola Phone (Defendant Veintemilla device); 1B14 - Apple iPad A2013 (Defendant Ortiz device); 1B26 - SIM CARD (Defendant Ortiz device); 1B29 - Alcatel 9020A Tablet (Defendant Ortiz device); 1B30 - Samsung Note 3 (Defendant Ortiz device); 1B32 Samsung Galaxy Express 2 (Defendant Ortiz device); 1B194 - QMM1081ES9 Sandisk 2GB MicroSD (Defendant Intriago device); 1B205 - QMM10809ES16 ProMaster 8GB Compact Flash (Defendant Intriago device); 1B260 - Apple iPhone (Defendant Intriago device); 1B262 - QMM10801ES8 Sandisk Cruzer 2GB USB (Defendant Intriago device); 1B270 - QMM10723ES2 Intriago iPhone 11 DNPZW0RA (Defendant Intriago device); 1B40 - QMM10730ES2 - Toshiba Laptop (CTU/Ortiz/Intriago/Solages device); 1B56 - QMM10730ES3 - Samsung Tablet (CTU/Ortiz/Intriago/Solages device); 1B127 - QMM10731ES4 - Sabrent HDD Enclosure (Worldwide/Defendant Veintemilla device); 1B132 - QMM10731ES6 HP Compaq 133006X (Worldwide/Defendant Veintemilla device); and 1B270 - QMM10723ES1 iPhone (co-defendant Bergmann device).

Mr. Schlueter will testify to the contents of these data extractions and the data itself, all of which were previously provided to the defense in discovery during 2023-2024. Mr. Schlueter's testimony and opinions will be based on his review of these extractions, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Easton L. Schlueter reviewed this disclosure and approves its contents.

*/s/ Easton L. Schlueter*

Easton L. Schlueter
Digital Forensic Examiner, FBI

**VIII.   David Mingarelli – FBI Senior Digital Forensic Examiner**

    **A.   Qualifications, Publications and Testimonies**

David Mingarelli is a Senior Digital Forensic Examiner with the FBI in Miami, FL.  He has been employed with the FBI since 2010.  Mr. Mingarelli is an FBI CART member.  Among other duties, he conducts forensic recovery of evidence from digital and electronic media.  Mr. Mingarelli previously held a professional certification in SANS GIAC Certified Forensic Analyst and currently holds professional certifications as a Senior Certified FBI CART Forensic Examiner, Certified Chip-Off Forensic Examiner, Certified FAVP Examiner, Certified FBI ISP, JTAG Examiner, and Certified FBI CART UNIX Forensic Examiner, including in CompTIA Network+ and A+.  Mr. Mingarelli is also trained in using Cellebrite, AD Lab, X-Ways, and Axion, among other digital forensic software, and routinely used these programs to extract and analyze data.  His duties include conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Mingarelli has previously testified as an expert in digital forensics in federal court, but has not done so in the last four (4) years.  Mr. Mingarelli's Curriculum Vitae will be provided to the defense upon receipt, which includes a comprehensive description of his education and training.  Mr. Mingarelli has not authored any publications in the last 10 years.

    **B.   The Witness's Opinions and Bases and Reasons for Opinions**

Mr. Mingarelli will testify about his training, qualifications, and experience consistent with his Curriculum Vitae.  Mr. Mingarelli will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Mingarelli will testify that he performed and/or assisted in performing, a forensic extraction, processing, and analysis, as to the following evidentiary items in this case: 1B270 - QMM10722DM1 Intriago SM-N950U (Defendant Intriago device); 1B106 - QMM210730DM4 Contour Model 1700 Camera (CTU/Ortiz/Intriago/Solages device); 1B126 - QMM210730DM6 Seagate FreeAgent GoFlex 1.5TB (Worldwide/Defendant Veintemilla device); 1B130 - QMM210801DMI - HP desktop (Worldwide/Defendant Veintemilla device); 1B133 - QMM210731DM1 - Internal Hard drive (Worldwide/Defendant Veintemilla device); and 1B117 - QMM210730DM7 Acer Veriton X2631 (Worldwide/Defendant Veintemilla device).

Mr. Mingarelli will testify to the contents of these data extractions and the data itself, including all of the forensic data extractions in this case described herein throughout this notice, all of which were previously provided to the defense in discovery during 2023-2024.  Mr. Mingarelli's testimony and opinions will be based on his review of these extractions and all others described herein, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), David Mingarelli reviewed this disclosure and approves its contents.

*/s/ David Mingarelli*
David Mingarelli
Senior Forensic Examiner, FBI

IX.   **Ricardo Soto – FBI Senior Digital Forensic Examiner**

A.   **Qualifications, Publications and Testimonies**

Ricardo Soto is a Senior Digital Forensic Examiner with the FBI in Miami, FL.  He has been employed with the FBI since 2000.  Mr. Soto is an FBI CART member.  Among other duties, he conducts forensic recovery of evidence from digital and electronic media.  Mr. Soto holds professional certifications as an FBI CART Master Digital Forensic Examiner, SANS GIAC Certified Forensic Examiner (GCFE), FBI CART Senior Forensic Examiner, FBI CART Cell Phone Certification, and FBI CART Macintosh, PDA, and UNITX Certification, and FBI CART Basic Wintel (FE Certification).  Mr. Soto is also trained in using Axiom, Cellebrite UFED, Cellebrite Premium, X-Ways, and GrayKey, among other digital forensic software, and routinely used these programs to extract and analyze data.  His duties include conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Soto has previously testified as an expert in digital forensics in federal court, including in the last four (4) years.  Mr. Soto's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of his education and training.  Mr. Soto has not authored any publications in the last 10 years.  In the past 4 years, Mr. Soto has testified in the following trials:

- *United States v. Vidal et al.*, 21-20050-CR-ALTONAGA (SDFL - Oct. 2023)

- *United States v. Khan et al.*, 22-20488-CR-MARTINEZ (SDFL - July 2023)

B.   **The Witness's Opinions and Bases and Reasons for Opinions**

Mr. Soto will testify about his training, qualifications, and experience consistent with his Curriculum Vitae.  Mr. Soto will testify generally about how extractions of digital devices are

performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Soto will testify that he performed and/or assisted in performing, a forensic extraction, as to the following evidentiary items in this case: 1B176 - QMM10806RS1 Microsoft Surface (Defendant Veintemilla device); 1B177 - QMM10802RS1 Seagate HDD 1TB (Defendant Veintemilla device); 1B131 - QMM10731RSI HP Compaq 6000 (Worldwide/Defendant Veintemilla device); 1B141 -QMM10731RS2 HP Pavilion (Worldwide/Defendant Veintemilla device); 1B115 - QMM10806RS2 Microsoft Surface (Worldwide/Defendant Veintemilla device); QMM231113RS1 iPad 2 A1395 (co-conspirator Badio device).

Mr. Soto will testify to the contents of these data extractions and the data itself, all of which were previously provided to the defense in discovery during 2023-2024.  Mr. Soto's testimony and opinions will be based on his review of these extractions and all others described herein, as well as his training, education, and experience.

[No further information on this page.]

### X.   Jerry Llanes – FBI Digital Forensic Examiner

#### A.   Qualifications, Publications and Testimonies

Jerry Llanes is an FBI Digital Forensic Examiner in Miami, FL.  He has been employed with the FBI since 2017 and previously worked for the FBI from 2009-2015 as a contractor.  Mr. Llanes is an FBI CART member.  Among other duties, he conducts forensic recovery of evidence from digital and electronic media.  Mr. Llanes is training to become certified as an FBI Digital Forensic Examiner and holds a certification in CompTIA Network+.  Mr. Llanes is also trained in using Cellebrite, Axiom, and AD Lab, among other digital forensic software, and routinely used these programs to extract and analyze data.  His duties include conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Llanes has previously testified as an expert in digital forensics in federal court, including in the last four (4) years.  Mr. Llanes's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of his education and training.  Mr. Llanes has not authored any publications in the last 10 years.  In the past 4 years, Mr. Llanes has testified in the following trials:

- *United States v. Munne*, 22-CR-20182- (SDFL - Oct. 2022)

#### B.   The Witness's Opinions and Bases and Reasons for Opinions

Mr. Llanes will testify about his training, qualifications, and experience consistent with his Curriculum Vitae.  Mr. Llanes will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Llanes will testify that he performed and/or assisted in performing, a forensic extraction and processing, as to the following evidentiary items in this case: 1B10 - QMM10807JL1 - Canon Legria HP (Defendant Ortiz device); 1B221 - QMM10801JL1 - Verbatim 32GB USB Flash (Defendant Intriago device); 1B135 - QMM10731JL1 Dell Optiplex 7040 Micro 256GB (Worldwide/Defendant Veintemilla device); 1B150 - QMM10731JL2 ASUS M2 Desktop 1TB (Worldwide/Defendant Veintemilla device); QMM231106JL4 Samsung A11 (co-conspirator Badio device); and QMM231107JL1 Dell Desktop 750 GB (co-conspirator Badio device); and QMM231107JL4 HP Laptop (co-conspirator Badio device).

Mr. Llanes will testify to the contents of these data extractions and the data itself, all of which were previously provided to the defense in discovery during 2023-2024.  Mr. Llanes's testimony and opinions will be based on his review of these extractions and all others described herein, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Jerry Llanes reviewed this disclosure and approves its contents.

*/s/ Jerry Llanes*
Jerry Llanes
Digital Forensic Examiner, FBI

XI.     **Brian Hixson – HSI Technical Enforcement Officer**

A.      **Qualifications, Publications and Testimonies**

Brian Hixson ("TEO Hixson") is a Technical Enforcement Officer ("TEO") and

Computer Forensic Analyst ("CFA") with Homeland Security Investigations ("HSI") in Fort

Lauderdale, FL.  He has been employed with the HSI since 2019 and previously served in the

U.S. Army.  Among other duties, he conducts forensic recovery of evidence from digital and

electronic media.  TEO Hixson holds professional certifications as a Forensic Explorer Certified

Examiner, Magnet Certified Forensic Examiner, including in Magnet AXIOM. TEO Hixson also

received Basic Computer Evidence Response Training (BCERT) at the DHS Cyber Crime

Center along with CompTIA A+ certification.  TEO Hixson is also trained in using Cellebrite

UFED Physical Analyzer, Cellebrite Digital Collector, GetData Forensic Explorer, MSAB XRY,

and Magnet GrayKey, among other digital forensic software, and routinely used these programs

to extract and analyze data.  His duties include conducting computer/cellular telephone forensics

and the forensic collection, preservation, examination, and presentation of forensic artifacts as an

expert witness for criminal proceedings.

TEO Hixson has previously testified as an expert in digital forensics in federal court,

including in the last four (4) years.  TEO Hixson's Curriculum Vitae has been provided to the

defense, which includes a comprehensive description of his education and training.  TEO Hixson

has not authored any publications in the last 10 years.  In the past 4 years, TEO Hixson has

testified in the following trials:

- *United States v. Ynddy Blanc*, 22-60012-CR-COHN (SDFL September 2022)

B.      **The Witness's Opinions and Bases and Reasons for Opinions**

TEO Hixson will testify about his training, qualifications, and experience consistent with

his Curriculum Vitae.  TEO Hixson will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

TEO Hixson will testify that he performed and/or assisted in performing, a forensic extraction, as to the following evidentiary items in this case: L25 - Apple iPhone (Defendant Sanon device); L27 - MotorolaG Stylus (Defendant Sanon device); L14 - Huawei Device (Colombian National co-conspirator device believed to be used by Uribe Ochoa); L29 - SamsungGalaxyJ6 (Colombian National co-conspirator device believed to be used by Zapata); and L46 - iPhone 8 (co-conspirator Bony Gregoire device).

TEO Hixson will testify to the contents of these data extractions and the data itself, all of which were previously provided to the defense in discovery during 2023-2024.  TEO Hixson's testimony and opinions will be based on his review of these extractions and all others described herein, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Brian M. Hixson reviewed this disclosure and approves its contents.

*/s/ Brian M. Hixson*
Brian M. Hixson
Technical Enforcement Officer, HSI

XII.   **Steven Towe – Former HSI Special Agent (Retired)**

A.   **Qualifications, Publications and Testimonies**

Steven Towe was an HSI Special Agent and Computer Forensic Agent in Tampa, FL.  He was employed with HSI from 2009-2023, and previously served with the Transportation Security Administration and U.S. Customs Service.  While serving as an HSI Special Agent, among other duties, Mr. Towe conducted forensic recovery of evidence from digital and electronic media.  At the time of his involvement in this case, Mr. Towe held professional certifications in Axiom/Magnet Forensics, EnCase 6, FTK FTK Imager, NUIX, Cellebrite, and Belkasoft.  Mr. Towe is also trained in using Cellebrite Premium and GrayKey, among other digital forensic software, and routinely used these programs to extract and analyze data.  During his time as an HSI Special Agent, his duties included conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Towe has previously testified as an expert in digital forensics in federal court, including in the last four (4) years.  Mr. Towe's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of his education and training.  Mr. Towe has not authored any publications in the last 10 years.  In the past 4 years, Mr. Towe has testified in the following trials:

- *United States v. Rios Silva*, 21-CR-286-MOODY (MDFL April 2025)
- *State of Florida v. Tramel*, 21-CF-007638 (10th Judicial Circuit, Polk County, FL – 2024)
- *State of Florida v. Hunt*, 19-CF-2281 (14th Judicial Circuit, Bay County, FL – September 2023)
- *State of Florida v. Shutt*, 19-CF-04019 (6th Judicial Circuit, Pinellas County, FL – 2022)

- *United States v. Booth*, 21-CR-00652-RAKOFF (SDNY April 2022)
- *United States v. Poole*, 20-CR-00190-SCRIVEN (MDFL July 2021)
- *United States v. Williams*, 19-CR-00303-JUNG (MDFL Oct. 2021 – *sentencing*)

**B.      The Witness's Opinions and Bases and Reasons for Opinions**

Mr. Towe will testify about his training, qualifications, and experience consistent with his Curriculum Vitae.  Mr. Towe will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Towe will testify that he performed and/or and assisted in performing, a forensic extraction, as to the following evidentiary item in this case: 1B270 - QMM10723ES1 Bergmann iPhone (co-defendant Bergmann device).

Mr. Towe will testify to the contents of this data extraction and the data itself, all of which were previously provided to the defense in discovery during 2023-2024.  Mr. Towe's testimony and opinions will be based on his review of the extraction, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Steven Towe reviewed this disclosure and approves its contents.

*/s/ Steven Towe*
Steven Towe

**XIII.   Richard Wilkins – Former HSI Special Agent (Retired)**

    **A.      Qualifications, Publications and Testimonies**

Richard Wilkins was an HSI Special Agent and Certified Computer Forensic Agent in Miami, FL.  He was employed with HSI from 2003-2023.  While serving as an HSI Special Agent, among other duties, Mr. Wilkins conducted forensic recovery of evidence from digital and electronic media.  At the time of his involvement in this case, Mr. Wilkins held professional certifications in EnCase and CompTIA A +, among others.  Mr. Wilkins is also trained in using Cellebrite, Cellebrite UFED, Cellebrite Premium, Gray Key, and Axiom, among other digital forensic software, and routinely used these programs to extract and analyze data.  During his time as an HSI Special Agent, his duties included conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Wilkins has previously testified as an expert in digital forensics in federal court, including in the last four (4) years.  Mr. Wilkins's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of his education and training.  Mr. Wilkins has not authored any publications in the last 10 years.  In the past 4 years, Mr. Wilkins has testified in the following trials:

- *United States v. Jason Wagner*, 22-20124-CR-ALTONAGA (SDFL Oct. 2023)
- *United States v. Ortiz-Colon*, 3:20-262-CR-MARXUACH (DPR Nov. 2022)

    **B.      The Witness's Opinions and Bases and Reasons for Opinions**

Mr. Wilkins will testify about his training, qualifications, and experience consistent with his Curriculum Vitae.  Mr. Wilkins will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Wilkins will testify that he performed and/or assisted in performing, a forensic extraction, as to the following evidentiary items in this case: 1B270 - QMM10722DM1 Intriago SM-N950U (Defendant Intriago device); 1B270 - QMM10723ER1 LG K550 (Defendant Intriago device); 1B270 - QMM10723ES2 iPhone 11 DNPZW0RA (Defendant Intriago device); and 1B270 - Intriago Surface (Defendant Intriago device).

Mr. Wilkins will testify to the contents of these data extractions and the data itself, all of which were previously provided to the defense in discovery during 2023-2024. Mr. Wilkins's testimony and opinions will be based on his review of the extractions, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Richard Wilkins reviewed this disclosure and approves its contents.

*/s/ Richard Wilkins*
Richard Wilkins

### XIV.   **Robert Herbster – Former FBI Special Agent (Retired)**

### A.      **Qualifications, Publications and Testimonies**

Robert Herbster was an FBI Supervisory Special Agent and Digital Forensic Examiner in Miami, FL.  He was employed with the FBI from 2002-2025.  Mr. Herbster supervised an FBI CART in Miami, FL.  Among other duties, he conducted forensic recovery of evidence from digital and electronic media.  At the time of his involvement in this case, Mr. Herbster held professional certifications as an FBI CART Certified Digital Forensic Examiner and FBI Digital Extraction Laboratory Technician (DEL-Tech), including in FBI CART MacOS Authorization, FBI CART Mobile Device Authorization, FBI CART Windows Authorization, and CompTIA A+.  Mr. Herbster is also trained in using Cellebrite, GrayKey, AD Lab, Cellebrite Digital Collector, and Axiom, among other digital forensic software, and routinely used these programs to extract and analyze data.  His duties included conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Herbster has previously testified as an expert in digital forensics in federal court, including in the last four (4) years.  Mr. Herbster's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of his education and training.  Mr. Herbster has not authored any publications in the last 10 years.  In the past 4 years, Mr. Herbster testified as an expert in the following trials:

- *United States v. Joly Germine et al.*, 21-699-CR-BATES (DC Jan. 2024)

- *United States v. Enode Junior Duvercy*, 21-60325-CR-SCOLA (SDFL Nov. 2022)

- *United States v. Derrick Morley*, 21-20519-CR-GAYLES (SDFL March 2022)

### B.      The Witness's Opinions and Bases and Reasons for Opinions

Mr. Herbster will testify about his training, qualifications, and experience consistent with his Curriculum Vitae.  Mr. Herbster will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Herbster will testify that he performed and/or assisted in performing a forensic extraction, as to the following evidentiary items in this case: L09 - Samsung_J7_Star (Defendant Solages device) ;1B1 - QMM10802RH8 - HP Pavilion Laptop (Defendant Ortiz device); 1B15 - QMM10802RH11 - MacBook Air (Defendant Ortiz device); 1B26 - QMM10802RH10 - USB case, 1 connector, 5 SIM Cards (Defendant Ortiz devices); 1B28 - QMM10802HR - Motorola XT 19; 1B30 - Samsung Note 3 (Defendant Ortiz device); 1B200 - QMM20111RH1 Apple iPad A2013 (Defendant Intriago device); L36 - Samsung_Galaxy_S7 (co-defendant Joseph Joel John); L10 - Samsung_GalaxyJ7 (Colombian National co-conspirator device); L18 - REDMI_M2003J155C (Colombian National co-conspirator device); L23 - Huawei STK LX3 (Colombian National co-conspirator device – believed to be used by Castaneda); and L28/1B91 - Samsung Galaxy J7 Star Logical (Colombian National co-conspirator device - believed to be used by Delta Team).

Mr. Herbster will testify to the contents of these data extractions and the data itself, all of which were previously provided to the defense in discovery during 2023-2024.  Mr. Herbster's testimony and opinions will be based on his review of the extractions, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Robert Herbster

reviewed this disclosure and approves its contents.

*/s/ Robert Herbster*
Robert Herbster

## XV.   Alexander Gordon – Former FBI Special Agent (Retired)

### A.   Qualifications, Publications and Testimonies

Alexander Gordon was an FBI Special Agent-Digital Forensic Examiner in Miami,

FL.  He was certified as a Digital Forensic Examiner (DFE) in 2023.  He was employed with the

FBI from 2004-2024.  Mr. Gordon was a member of the FBI Computer Analysis Response Team

(CART) in Miami, FL, and among other duties, conducted forensic collection of data from

electronic devices.  At the time of his involvement in this case, Mr. Gordon held professional

certifications as an FBI DFE, FBI Digital Extraction Laboratory Technician (DEL-Tech), and

FBI Cart Technician.  He held Authorizations in Mac Imaging, Mobile Devices, and Microsoft

Windows.  Mr. Gordon was trained in using forensic tools, such as Cellebrite UFED 4PC,

Cellebrite Physical Analyzer, Axiom, AD Lab, and TX1, among other digital forensic software

and hardware.  He routinely used the programs and equipment to image, extract, process, and

analyze data.  His duties included performing forensic examinations on digital evidence,

providing analyses and reporting, preserving digital evidence, participating in search and seizure

operations, and presenting forensic artifacts as an expert witness for criminal proceedings.

Mr. Gordon previously testified as an expert in digital forensics in federal court,

including in the last four (4) years.  An updated version of Mr. Gordon's Curriculum Vitae will

be provided to the defense, which includes a comprehensive description of his education and

training.  Mr. Gordon has not authored any publications in the last 10 years.  In the past 4 years,

Mr. Gordon has testified as an expert in the following trial:

- *United States v. Crespo et al.*, 21-20005-CR-GAYLES (SDFL August 2023)

### B.   The Witness's Opinions and Bases and Reasons for Opinions

Mr. Gordon will testify about his training, qualifications, and experience consistent with

his Curriculum Vitae.  Mr. Gordon will testify generally about how extractions of electronic devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Gordon will testify that he performed a forensic extraction and/or processing, as to the following evidentiary items in this case: 1B2 - QMM11008AG1 - Samsung Galaxy A21s (co-defendant Palacios device) and Apple iPhone 8 Plus (co-conspirator Johnathan Rivera device).

Mr. Gordon will testify to the contents of these extractions, all of which were already provided to the defense in discovery during 2023-2024. Mr. Gordon's testimony will be based on his review of the extractions in this case, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Alexander Gordon reviewed this disclosure and approves its contents.

*/s/ Alexander Gordon*
Alexander Gordon

## XVI.   **Susy Hwang – Former FBI Senior CART Forensics Examiner**

### A.      **Qualifications, Publications and Testimonies**

Susy Hwang was a Senior CART Digital Forensic Examiner in Miami, FL.  She was employed with the FBI from 2003-2021.  Ms. Hwang now serves a Senior Cybersecurity Special with the Federal Reserve Bank of Atlanta.  While serving with FBI, Ms. Hwang was a member of an FBI CART team in Miami, FL, and among other duties, conducted forensic recovery of evidence from digital and electronic media.  At the time of her involvement in this case, Ms. Hwang held professional certifications as an FBI CART Certified Senior Digital Forensic Examiner, including the FBI Adjunct Faculty Program.  Ms. Hwang is also trained in using Cellebrite, AD Lab, Magnet, and XRY among other digital forensic software, and routinely used these programs to extract and analyze data.  Her duties included conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Ms. Hwang has previously testified as an expert in digital forensics in federal court, but has not done so in the last four (4) years.  Ms. Hwang's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of her education and training.  Ms. Hwang has not authored any publications in the last 10 years.

### B.      **The Witness's Opinions and Bases and Reasons for Opinions**

Ms. Hwang will testify about her training, qualifications, and experience consistent with her Curriculum Vitae.  Ms. Hwang will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Ms. Hwang will testify that she performed and/or assisted in performing, a forensic extraction and processing, as to the following evidentiary items in this case: 1B181 - QMM10727SJH - Ortiz LG Phone (Defendant Ortiz device); 1B79 - QMM217030SH2 HP Pro3500 Desktop (CTU/Ortiz/Intriago/Solages device); and 1B102 - QMM210730SH1 Dell Inspiron Desktop (CTU/Ortiz/Intriago/Solages device).

Ms. Hwang will testify to the contents of these extractions, which were already provided to the defense in discovery during 2023-2024.  Ms. Hwang's testimony and opinions will be based on her review of these extractions in this case, as well as her training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Susy J. Hwang reviewed this disclosure and approves its contents.

*/s/ Susy J. Hwang*
Susy J. Hwang

## XVII.  **Michael Betancourt – Former FBI Special Agent (Retired)**

### A.      **Qualifications, Publications and Testimonies**

Michael Betancourt was an FBI Special Agent and FBI Digital Forensic Examiner.  He was employed with the FBI from 2003-2024.  Among other duties, Mr. Betancourt conducted forensic recovery of evidence from digital and electronic media.  At the time of his involvement in this case, Mr. Betancourt held professional certifications as an FBI CART Certified Senior Digital Forensic Examiner, including the FBI Adjunct Faculty Program and CompTIA A+, as well as an FBI CART Digital Evidence Laboratory Technician.  Mr. Betancourt is also trained in using Cellebrite, GrayKey, and Magnet, among other digital forensic software, and routinely used these programs to extract and analyze data.  During Mr. Betancourt's time as an FBI Special Agent, his duties included conducting computer/cellular telephone forensics and the forensic collection, preservation, examination, and presentation of forensic artifacts as an expert witness for criminal proceedings.

Mr. Betancourt has not testified previously testified as an expert in digital forensics in federal court.  Mr. Betancourt's Curriculum Vitae has been provided to the defense, which includes a comprehensive description of his education and training.  Mr. Betancourt has not authored any publications in the last 10 years.

### B.      **The Witness's Opinions and Bases and Reasons for Opinions**

Mr. Betancourt will testify about his training, qualifications, and experience consistent with his Curriculum Vitae.  Mr. Betancourt will testify generally about how extractions of digital devices are performed, the types of extractions that can be obtained, and the data that can be recovered from those extractions.

Mr. Betancourt will testify that he performed and/or assisted in performing, a forensic extraction, as to the following evidentiary items in this case: L26 Apple iPhone (Defendant Sanon device); L106 - Apple iPhone 11 A2111 (Defendant Solages device); 1B175 - QMM10802MB1 iSeries Gaming Server G249A660_11172020 (Defendant Veintemilla device); 1B33 - QMM10804MB2 Fujistu_MHW212 Internal Hard drive (Defendant Ortiz device); 1B1 - QMM11008MB1 – Samsung Galaxy A20 SM (co-defendant Palacios device); 1B2 - L11 Samsung Galaxy A21S (co-defendant Vincent device); L13 - Samsung Galaxy A50 (Colombian National co-conspirator device believed to be used by Jader Andela); L19 - HUAWEI STK LX3 TORRES (Colombian National co-conspirator device believed to be used by Guerrero Torres); L28/1B91 - Samsung Galaxy J7 Star Logical (Colombian National co-conspirator device - believed to be used by Delta Team); L46 - iPhone 8 (co-conspirator Bony Gregoire device); and Apple iPhone 8 Plus (co-conspirator Johnathan Rivera device).

Mr. Betancourt will testify to the contents of these data extractions and the data itself, all of which were previously provided to the defense in discovery during 2023-2024.  Mr. Betancourt's testimony and opinions will be based on his review of the extractions, as well as his training, education, and experience.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v), Michael P. Betancourt reviewed this disclosure and approves its contents.

*/s/ Michael P. Betancourt*
Michael P. Betancourt

## XVIII. Request for Notice Regarding Defense Experts

Having made this disclosure, the Government hereby demands—from all Defendants—all reports of examinations and tests, pursuant to Fed. R. Crim. P. 16(b)(1)(B), and all expert disclosures, pursuant to Fed. R. Crim. P. 16(b)(1)(C).

Respectfully submitted,

HAYDEN P. O'BYRNE
United States Attorney

SUE J. BAI
Supervisory Official for the National
Security Division

By:  /s Sean T. McLaughlin
Sean T. McLaughlin
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, FL 33172
 (305) 715-7642/7654
Sean.McLaughlin@usdoj.gov

/s Jason Wu
Jason Wu
Assistant United States Attorney
ID No. A5502299
99 NE 4th Street
Miami, FL 33132
 (305) 961-9226
Jason.Wu@usdoj.gov

/s Altanese Phenelus
Altanese Phenelus
Assistant United States Attorney
FL Bar No. 112693
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9375
Altanese.Phenelus@usdoj.gov

/s Andrew Briggs
Andrew Briggs
Trial Attorney
Court ID No. A5503251
National Security Division – Department of Justice
950 Pennsylvania Avenue
Washington, DC 20530
(202) 514-7739
Andrew.Briggs2@usdoj.gov

## Certificate of Service

I hereby certify that on May 5, 2025, I filed the foregoing document with the Clerk of the

Court using CM/ECF.

/s *Andrew Briggs*
Andrew Briggs
Trial Attorney